# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL ACTION NO. 1:15-CV-269-MR-DCK

| | |
|---|---|
| PATRICIA RICE, | ) |
|     Plaintiff / Counterclaim Defendant, | ) |
| v. | ) **ORDER** |
| RUTLEDGE ROAD ASSOCIATES, LLC, and GULFSTREAM CAPITAL CORPORATION, | ) |
|     Defendants. | ) |
| GULFSTREAM CAPITAL CORPORATION, | ) |
|     Third Party Plaintiff, | ) |
| v. | ) |
| STEPHEN D. RICE, | ) |
|     Third Party Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** regarding Plaintiff's "Motion To Compel" (Document No. 38). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will <u>deny</u> the motion.

## BACKGROUND

Plaintiff Patricia Rice ("Plaintiff" or "Rice") initiated this action with the filing of a "Petition" (Document No. 2-1) (the "Complaint") in the state District Court of Tulsa County, Oklahoma, on July 2, 2015, against Rutledge Road Associates, LLC ("RRA") and Gulfstream Capital Corporation ("Gulfstream") (together "Defendants"). The Complaint involves "an alleged multiparty contract or agreement entered into on or before July 11, 2013, arising from a dispute in

the bankruptcy proceeding of Stephen D. Rice, Third Party Defendant and Plaintiff's husband." (Document No. 41, p.1). The case was removed to the United States District Court for the Northern District of Oklahoma on July 27, 2015.

The "Counterclaim Of Defendant Gulfstream Capital Corporation" (Document No. 17) was filed on October 23, 2015. Gulfstream's Counterclaim includes an "identical third-party claim against Stephen D. Rice ("Mr. Rice")," and Gulfstream also filed a separate "Third-Party Claim…" on October 23, 2015. (Document No. 17, p. 1); (Document No. 18).

On December 1, 2015, this matter was transferred from Oklahoma to this Court, and assigned to District Judge Martin Reidinger and Magistrate Judge Dennis Howell. See (Document No. 26). On December 22, 2015, Judge Howell issued a "Pretrial Order And Case Management Plan" (Document No. 34) including the following deadlines: discovery completion – September 1, 2016; mediation – September 15, 2016; motions – October 1, 2016; trial – March 13, 2017.

Plaintiff's "Motion To Compel" (Document No. 38) and "Brief In Support…" were filed April 19, 2016. By the pending motion, Plaintiff seeks "an Order compelling compliance with certain subpoenas served on Burt Langley, PC; Matney & Associates, PA; and Dixon Hughes Goodman LLP ("the Objecting Parties") pursuant to Rule 45(d)(2)(B)(i)." (Document No. 38, p.1). Burt Langley, PC (and/or Gulfstream) filed its "Response To Motion To Compel" (Document No. 40) on May 5, 2016; "Rutledge Road Associates, LLC's Response In Opposition…" (Document No. 41) was filed on May 6, 2016; and the "Brief Of Dixon Hughes Goodman LLP In Response…" (Document No. 42) was filed on May 9, 2016. Following Dixon Hughes Goodman LLP's response, this matter was reassigned to the undersigned as the referral Magistrate Judge on May 11, 2016.

"Plaintiff's Reply Brief To Defendant Rutledge Road Associates, LLC's Response…" (Document No. 43) was filed on May 12, 2016. Plaintiff has indicated that she does not intend to file a reply to Gulfstream's response, but she has failed to file a reply, or notice of intent not to reply, related to Dixon Hughes Goodman LLP's response. See (Document No. 43, p.1, n.1; and Local Rule 7.1 (E)). As such, the pending motion is now ripe for review and disposition.

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same). A party's failure to provide or permit discovery may result in sanctions including the following: reasonable expenses caused by the failure; default judgment

against the disobedient party; or treating as contempt of court the failure to obey any order. See Fed.R.Civ.P. 37(b) - (d).

## DISCUSSION

By the instant motion, Plaintiff seeks to compel compliance with three subpoenas it served on or about April 4 or 7, 2016, on three non-parties to this lawsuit, Burt Langley, PC; Matney & Associates, PA; and Dixon Hughes Goodman LLP ("the Objecting Parties"). (Document No. 39); see also (Document Nos. 39-2, 39-5, and 39-8). Each of the subpoena recipients objected. (Document Nos. 39-3, 39-6, and 39-9). In addition, Burt Langley, PC, Defendant RRA, Matney & Associates, P.A., and Dixon Hughes Goodman LLP have filed responses in opposition to the pending motion to compel. See (Document Nos. 41, 42, and 43).

The undersigned will address each of the subpoenas in turn.

### A. Burt Langley, PC Subpoena

Burt Langley PC ("Burt Langley") is a law firm representing Defendant Gulfstream in this case, as well as in bankruptcy proceedings in Oklahoma. (Document No. 39, p.1; Document No. 40, p.2). "Gulfstream was a judgment creditor of Rice and one of his limited liability companies." (Document No. 40, p.2).

Plaintiff contends that Burt Langley "is a material witness in this case, in addition to counsel for one of the Defendants." (Document No. 39, p.3). Plaintiff's subpoena to Burt Langley includes the demand for "[a]ny communication whatsoever" between Burt Langley and "any person and/or entity regarding any of the claims, defenses, issues, and facts in this litigation and/or in the bankruptcy case filed by Stephen Rice." (Document No. 39-2, p.4) The subpoena further demands "communications with any attorney and/or person involved with any loans that were financed and/or refinanced by defendant Rutledge Road Associates, [LL]C and/or MMR

Properties, LLC. . . . [and] includes any communications with any person not mentioned above which refer to and/or expressly mention Stephen Rice and/or Patricia Kolling aka Patricia Rice." Id.

Burt Langley immediately sent its objections to Plaintiff's counsel. (Document No. 39-3). The objections include arguments that: (1) many of the documents sought are protected by attorney-client or attorney work-product privileges, or are not relevant to any party's claim or defense in this litigation; (2) all the documents requested are in the custody of one or more parties and can be obtained more easily from the party through normal discovery channels, and non-privileged communications have already been produced; and (3) the demanded production is unduly burdensome and Plaintiff has not shown that there is not a less invasive means to obtain equivalent information. (Document No. 39-3, p.1).

In its "Response To Motion To Compel" (Document No. 40), Burt Langley first notes that "Plaintiff has not yet issued discovery requests *of any kind* to Gulfstream," its client and a Defendant in this action. (Document No. 40, p.1) (emphasis added). Burt Langley then contends that there is little case law addressing requests for documents from opposing counsel, although many courts have addressed the similar question of whether or not a deposition of litigation counsel is proper. (Document No. 40, p.3).

Specifically, Burt Langley relies on Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir. 1986), which sets forth a three part test for determining whether a deposition of opposing counsel should be allowed. (Document No. 40, p.3). The Shelton decision held that circumstances where a court should order the taking of opposing counsel's deposition "should be limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel, . . .; (2) the information sought is relevant and

nonprivileged; and (3) the information is crucial to the preparation of the case." Shelton, 805 F.2d at 1327 (internal citation omitted).

Burt Langley acknowledges that Shelton has not been adopted by the Fourth Circuit Court of Appeals, but cites several district courts within the Fourth Circuit that have applied Shelton. (Document No. 40, pp.3-4) (citations omitted). Burt Langley makes a compelling argument that if Shelton is applied here, Plaintiff has failed to establish any of the circumstances identified above. (Document No. 40, pp.4-7). Burt Langley further argues that the request is unduly burdensome and seeks the mental impressions and trial strategy of opposing counsel. (Document No. 40, pp.7-9).

Finally, and perhaps most importantly, Burt Langley argues that Defendant Gulfstream has already voluntarily produced, on February 1, 2016, non-privileged communications responsive to the Burt Langley subpoena, and that Plaintiff has not suggested that such production was incomplete, nor has she requested any additional documents from Gulfstream.

As noted above, Plaintiff has indicated without further explanation that it does not intend to reply to Gulfstream's arguments in response. (Document No. 43, p.1, n.1). Presumably, Plaintiff is referring to Burt Langley's "Response…" (Document No. 40), since it does not appear that Gulfstream has filed a separate response. Regardless, Plaintiff's failure to reply means the Court is denied the benefit of Plaintiff's view of Shelton's applicability here, as well as Plaintiff's response to the other assertions in the Burt Langley/Gulfstream response.

Based on the foregoing, the undersigned is not persuaded that the likely benefit of the relief requested by Plaintiff outweighs the burden and expense, or that it is proportional to the needs of the case. In particular, Burt Langley contends, and Plaintiff has not refuted, that some or all of the information requested by the subpoena has already been provided. The undersigned finds that it

is likely more appropriate, efficient, and cost-effective, for Plaintiff to first seek relevant and non-privileged discovery from the other parties in this action before seeking, or duplicating a search, with non-parties.

Under the circumstances, the undersigned will deny the motion to compel without prejudice as to the "Subpoena…" (Document No. 39-2) issued to Burt Langley, PC.

**B. Matney & Associates Subpoena**

Matney & Associates, P.A. ("Matney") is a law firm representing Defendant RRA. (Document No. 39, p.2). Plaintiff contends that Matney, like Burt Langley, "is both a material witness and counsel for a party in this case." (Document No. 39, p.5). Plaintiff's subpoena to Matney, like the one served on Burt Langley, includes the demand for "[a]ny communication whatsoever" between Matney and "any person and/or entity regarding any of the claims, defenses, issues, and facts in this litigation and/or in the bankruptcy case filed by Stephen Rice." (Document No. 39-5, p.4). The subpoena further demands "communications with any attorney and/or person involved with any loans that were financed and/or refinanced by defendant Rutledge Road Associates, C and/or MMR Properties, LLC. . . . [and] includes any communications with any person not mentioned above which refer to and/or expressly mention Stephen Rice and/or Patricia Kolling aka Patricia Rice." Id.

Matney also immediately provided an "Objection To Subpoena" (Document No. 39-6). In that objection Matney contends that the subpoena commands production of documents that will be included in response to a request for documents served on Defendant RRA. Id. Matney also argues that the subpoena subjects it and RRA to undue burden and expense, especially since the same information has been requested from RRA. Id.

Plaintiff acknowledges that Matney has asserted that the "Subpoena…" (Document No. 39-5) requests documents that will be provided by Defendant RRA, but argues that "it is conceivable that Matney is in possession of documents which are responsive to the subpoena but not to the discovery request to its client." Id.

Defendant RRA, joined by Matney, filed a "…Response In Opposition..." to the pending motion. (Document No. 41, pp.10-16). Matney and RRA assert that a subpoena was also served on the law firm Titus Hillis Reynolds Love Dickman & McCalmon ("Titus Firm"), who represented RRA in Oklahoma. (Document No. 41, p.10). Matney and RRA contend that their "Response…" is also filed in regard to the Titus Subpoena. (Document No. 41, p.12). Because the pending "Motion To Compel" fails to argue for, or even mention, production related to a Titus Subpoena, the undersigned will decline to address a "response" regarding a non-existent motion for relief.

Matney and RRA principally argue that the information requested by the subpoena(s) is duplicative and can be obtained from a more convenient source. (Document No. 41, pp.14-15). In addition, it is noted that the subpoena(s) specifically request communications between the Matney Firm and the Titus Firm. (Document No. 41, p.15). Matney and RRA argue that these two firms represented RRA in the underlying action and the prior bankruptcy action, and that the requested communications between these two firms are privileged. Id.

In conclusion, RRA and Matney request that the motion to compel be "denied without prejudice to afford Plaintiff the opportunity, upon receiving and reviewing RRA's response to RFP" to issue a revised subpoena if necessary and appropriate. (Document No. 41, p.16).

Plaintiff has declined to reply to the arguments by RRA and Matney regarding the subpoena issued on Matney.

Based on the foregoing, the undersigned will deny the motion to compel, without prejudice, as requested by Matney and RRA.

## C. Dixon Hughes Goodman LLP Subpoena

Dixon Hughes Goodman LLP ("Dixon Hughes") is an accounting firm that has performed accounting services, including tax preparation, for Defendant RRA. (Document No. 39, p.2). On April 7, 2016, Plaintiff served a subpoena on Dixon Hughes that included requests for: (1) all tax returns, balance sheets, leases, financial statements, and any other files and documents used in preparing tax returns for RRA and MMR Properties, LLC for the years 2012-2015; (2) copies of all information used to assist RRA in obtaining a refinance of property owned by RRA; (3) any communication and files used for, or referring to any valuation of RRA; (4) copies of all W-2s prepared for RRA between 2012-2015; (5) copies of all documents and communications referencing any change in ownership of RRA shareholders between 2012-2015; (6) any and all contracts or agreements between RRA and Wells Fargo; and (7) any and all correspondence between any representative of RRA and any representative of Wells Fargo. (Document No. 39; Document No. 39-8, p.4).

Plaintiff states that she "understands that it [Dixon Hughes] cannot produce the requested documents without consent of its client or a court order." (Document No. 39, p.6). Plaintiff then asserts that she requested consent from RRA's counsel via email on April 7, 2016, *the same day it served the subpoena*, but got no response. Id.

In objecting to the subpoena, Dixon Hughes also notes that the subpoena commands production of tax return information that cannot be produced absent the taxpayer's consent or a court order. (Document No. 39-9, p.1) (citing 26 U.S.C. § 7216; N.C.Gen.Stat. § 75-28). Dixon

Hughes further argues that other information requested by the subpoena is similarly protected and/or subjects Dixon Hughes to an undue burden. (Document No. 39-9, pp.1-2).

Dixon Hughes reiterates these same points in its response to the motion to compel. (Document No. 42). Dixon Hughes goes on to assert that it is "a third-party with absolutely no interest in this lawsuit, and should be protected from undue burden." (Document No. 42, p.2). Moreover, Dixon Hughes notes that the subpoenaed information could be produced by Defendant RRA. Id. Finally, Dixon Hughes requests that if it is ordered to produce documents, such production should be conditioned upon Plaintiff's payment to Dixon Hughes for its time and expenses. Id.

Defendant RRA's response also addresses the subpoena served on Dixon Hughes. (Document No. 41, pp.1-10). RRA argues that the subpoena "violates the Federal Rules of Civil Procedure commanding non-[relevant] information and information that is overbroad, and by requesting information that would impose an undue burden and expense on RRA and Dixon." (Document No. 41, p.5).

RRA persuasively notes that the Rules require courts to limit discovery that is "**unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive** . . . ." Id. (quoting Fed.R.Civ.P. 26(b)(2)(C)) (emphasis added). In addition, RRA notes that Rule 45(d)(1) requires a party issuing a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Id.

In conclusion, RRA requests that Plaintiff's motion to compel be "denied without prejudice to afford Plaintiff the opportunity to issue a Subpoena that requests relevant information and is

10

properly limited in scope and in time in accordance with the Federal Rules of Civil Procedure." (Document No. 41, p.10).

Plaintiff's only reply to any of the responses and in support of its motion solely addresses RRA's argument that the financial information requested of Dixon Hughes is not relevant. (Document No. 43).  In doing so, Plaintiff argues that certain RRA financial information is relevant, but does not argue in further support of its motion to compel.  Specifically, Plaintiff does not refute RRA's (or Dixon Hughes') arguments that the subpoena is overbroad or that there are less burdensome, less expensive, and non-duplicative ways to seek the requested information.  Id.

Based on all the arguments before the Court, the undersigned is persuaded that the motion to compel should be denied without prejudice.  Plaintiff is directed to seek the relevant, non-privileged information she needs related to the claims and defenses in this case from the parties in this case.  If the parties' responses and production are inadequate and/or incomplete, Plaintiff may pursue renewed subpoenas and/or motion(s) to compel, narrowly tailored to the proportional needs of discovery in this case.

At this time, the Court will decline to award any costs or fees related to the motion to compel.  The Court will take such requests under advisement, and may reconsider an award of costs or fees at a later date.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion To Compel" (Document No. 38) is **DENIED WITHOUT PREJUDICE**, as directed herein.

**SO ORDERED**.

Signed: June 15, 2016

_____
David C. Keesler
United States Magistrate Judge