# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL ACTION NO. 1:15-CV-269-MR-DCK

| | |
|---|---|
| PATRICIA RICE, | ) |
|     Plaintiff / Counterclaim Defendant, | ) ) ) |
| v. | )    **ORDER** ) |
| RUTLEDGE ROAD ASSOCIATES, LLC, and GULFSTREAM CAPITAL CORPORATION, | ) ) ) |
|     Defendants. | ) ) |
| GULFSTREAM CAPITAL CORPORATION, | ) ) |
|     Third Party Plaintiff, | ) ) |
| v. | ) ) |
| STEPHEN D. RICE, | ) ) |
|     Third Party Defendant. | ) ) |

**THIS MATTER IS BEFORE THE COURT** regarding Defendant and Third Party Plaintiff Gulfstream Capital Corporation's "Motion To Compel" (Document No. 47). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion and the record, the undersigned will <u>grant</u> the motion in part, and <u>deny</u> the motion in part.

## BACKGROUND

Plaintiff Patricia Rice ("Plaintiff" or "Rice") initiated this action with the filing of a "Petition" (Document No. 2-1) (the "Petition") in the state District Court of Tulsa County, Oklahoma, on July 2, 2015, against Rutledge Road Associates, LLC ("RRA") and Gulfstream Capital Corporation ("Gulfstream") (together "Defendants"). The Petition involves "an alleged

multiparty contract or agreement entered into on or before July 11, 2013, arising from a dispute in the bankruptcy proceeding of Stephen D. Rice, Third Party Defendant and Plaintiff's husband." (Document No. 41, p.1).

The Petition states that the "contract at issue related to certain rights held by Plaintiff, and the waiver of some rights held by Plaintiff in bankruptcy proceedings in the United States Bankruptcy Court for the Northern District of Oklahoma." (Document No. 2-1, p.1). The Petition further provides that prior to July 2013, Plaintiff owned a two percent (2%) interest in a limited liability company called MMR Properties, LLC ("MMR"), and that MMR owned a fifty percent (50%) interest in Defendant RRA. (Document No. 2-1, p.2). In or about July 2013, Defendants RRA and Gulfstream "desired to engage in certain business transactions which required Plaintiff to either approve of the same in her capacity as a member of MMR, or to sell her interest in MMR so that another could approve of those business transactions." Id. Plaintiff contends that an agreement with Defendants was reached and reduced to writing on July 11, 2013. (Document No. 2-1, p.3).

Plaintiff's obligation under the contract was to: (1) transfer her interest in MMR to Defendant RRA; and (2) withdraw an objection to certain proceedings in bankruptcy court which blocked the transactions contemplated by Defendants RRA and Gulfstream. Id. Plaintiff contends she performed these obligations on July 11, 2013. (Document No. 2-1, p.4). Plaintiff further alleges that she was induced to perform first, and that Defendants then refused to convey the agreed upon consideration to her. (Document No. 2-1, p.5). Specifically, Plaintiff alleges that Gulfstream had agreed to pay Plaintiff $50,000 and convey to Plaintiff Lot 140 of a development in Buncombe County, North Carolina called Poplar Ridge; and RRA had agreed to pay Plaintiff $200,000. Id.

The Oklahoma state court action was removed to the United States District Court for the Northern District of Oklahoma on July 27, 2015, pursuant to Defendant RRA's "Notice Of Removal" (Document No. 2). Defendant RRA also filed its "Answer" (Document No. 6) on July 27, 2015. Defendant RRA then filed a "Motion To Transfer…" (Document No. 8) on August 18, 2015, seeking transfer to this Court. Defendant Gulfstream later filed a "…Joinder In Motion To Transfer Venue" (Document No. 15).

The "Answer And Affirmative Defenses Of Defendant Gulfstream Capital Corporation" (Document No. 16) and the "Counterclaim Of Defendant Gulfstream Capital Corporation" (Document No. 17) were filed on October 23, 2015. Gulfstream's Counterclaim includes an "identical third-party claim against Stephen D. Rice ("Mr. Rice")," and Gulfstream also filed a separate "Third-Party Claim…" against Mr. Rice on October 23, 2015. (Document No. 17, p.1); (Document No. 18). The Counterclaim "denies that the parties entered into a binding and enforceable agreement as alleged by Plaintiff," but asserts that if the "parties did enter into a binding and enforceable agreement, then Plaintiff and Mr. Rice breached the agreement by failing to obtain a proper plat of the subdivision in Buncombe County, North Carolina." (Document No. 17, p.2); see also (Document No. 18, p.2).

On December 1, 2015, this matter was transferred from Oklahoma to this Court, and assigned to District Judge Martin Reidinger and Magistrate Judge Dennis Howell. See (Document No. 26). On December 22, 2015, Judge Howell issued a "Pretrial Order And Case Management Plan" (Document No. 34) including the following deadlines: discovery completion – September 1, 2016; mediation – September 15, 2016; motions – October 1, 2016; trial – March 13, 2017.

Now pending before the Court is Defendant and Third Party Plaintiff Gulfstream Capital Corporation's "Motion To Compel" (Document No. 47) filed July 12, 2016. The "Motion To

3

Compel" does not appear to indicate that the requirement of consultation was satisfied prior to filing the motion.  See Local Rule 7.1 (B) and (Document No. 34, p.6).  Defendant's motion seeks an order compelling Plaintiff Patricia Rice and Third-Party Defendant Stephen Rice to respond to certain interrogatories and request for production of documents.  (Document No. 47, p.1; Document No. 48).

The "Response To Gulfstream Capital Corporation's Motion To Compel By Patricia And Stephen D. Rice" (Document No. 52) was filed on August 5, 2016.  The "Response…" reports that counsel for the parties have conferred and reached "a partial agreement regarding discovery." (Document No. 52, pp.3-4).  The remaining unresolved issues are:  (1) res judicata as it relates to a previously adjudicated judgment finding that Plaintiff owned an interest in MMR at the time Mr. Rice filed for bankruptcy relief;  and (2) attorney-client privilege as it relates to emails between the Rices' attorneys.  (Document No. 52, p.3).

In its "Reply To Response By Patricia Rice And Stephen D. Rice" (Document No. 53) Defendant Gulfstream acknowledges that the Rices "have correctly summarized the issues that have been resolved."  (Document No. 53, p.1).  Gulfstream then asserts that the Rices' "Response…" "specifically addressed two new issues in their response":  (1) whether documents which bear on the question of Patricia Rice's ownership interest in MMR are relevant;  and (2) whether emails between attorneys for the Rices can be withheld based on a claim of privilege. (Document No. 52, pp.1-2).

Defendant Gulfstream's "Motion To Compel" is now ripe for review and disposition.

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to

> the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same). A party's failure to provide or permit discovery may result in sanctions including the following: reasonable expenses caused by the failure; default judgment against the disobedient party; or treating as contempt of court the failure to obey any order. See Fed.R.Civ.P. 37(b) - (d).

## DISCUSSION

As noted above, the issues before the Court appear to have narrowed to two. (Document Nos. 52 and 53). Defendant Gulfstream describes the issues as "new," although the motion to compel clearly seeks: (1) discovery responses related to Plaintiff's ownership of MMR; and (2) correspondence between the Rices' attorneys. (Document No. 47). Possibly, Defendant intended

to state that the Rices' arguments opposing certain discovery requests are "new," rather than the issues themselves.

In addition, the undersigned observes that while the "Motion To Compel" specifically identifies the interrogatories and requests for production Defendant seeks to compel responses to, neither the "Response…" nor the "Reply…" specifically address the remaining interrogatories and/or requests for production still in dispute. (Document Nos. 52 and 53). Nevertheless, the undersigned will attempt to offer the parties some guidance on the remaining issues.

**A. Plaintiff's Ownership Interest in MMR**

Plaintiff contends that her ownership in MMR has already been established by the bankruptcy court in a fully litigated case against her by the Trustee, a party which stands in privity with Defendant Gulfstream. (Document No. 52, pp.5-7). Plaintiff argues that Defendants are collaterally estopped from relitigating this issue. Id. In addition, Plaintiff argues that her ownership interest in MMR is immaterial and irrelevant, because it was not at issue in the formation of the agreement that she seeks to enforce through this lawsuit. (Document No. 52, pp.7-9).

Gulfstream argues through its "Reply…" that "the Rices confuse discoverability with admissibility." (Document No. 53, p.2). Gulfstream then seems to suggest that it is not precluded from relitigating the question of Plaintiff's ownership, and that the issue of ownership is relevant to Plaintiff's alleged good faith basis for objecting to the Trustee's proposed settlement with Gulfstream. (Document No. 53, pp.3-4). The documents requested by Gulfstream include the following: "tax returns for MMR, the Rice Family 2006 Irrevocable Trust, and the individual tax returns for Stephen Rice and Patricia Rice; Gulfstream also seeks production of the complete

6

assignment of interest of 2% of the shares in MMR Properties, LLC from Pamela Morrissey to Patricia Rice in 2012." (Document No. 53, p.2).

The undersigned is inclined to compel some production of documents establishing Plaintiff's ownership interest in MMR, but it appears that the discovery requests are overly broad for this purpose. The undersigned observes that the pending motion states that "[t]he operating agreement of MMR Properties, LLC indicates that as of 2006, the Rice Family 2006 Irrevocable Trust had a two percent interest in MMR Properties, LLC" . . . and that "[t]he Rices claim that this interest was subsequently transferred to Patricia Rice in 2013." (Document No. 47, p.6). If Gulfstream is simply seeking evidence of Plaintiff's "ownership of MMR," it is unclear to the undersigned why Gulfstream seeks tax returns for the years 2006-2014 from MMR, the Rice Family 2006 Irrevocable Trust, <u>and</u> the individual tax returns for Stephen Rice and Patricia Rice, as well as the complete assignment of interest of 2% of the shares in MMR Properties, LLC from Pamela Morrissey to Patricia Rice in 2012.

Gulfstream's demands as to this issue do not appear to be proportional to the needs of this case. As such, the undersigned will grant the motion in part and deny the motion in part as to this issue. The parties shall confer and attempt to agree on one or more documents that indicate Plaintiff's ownership interest in MMR, and when she received said interest. By way of example, "the complete assignment of interest" may be sufficient on its own to satisfy this requirement.

**B. Attorney-Client Privilege**

It appears that the dispute regarding attorney-client privilege has narrowed to whether Defendant Gulfstream is entitled to all communications between Sam Bratton, counsel to Patricia Rice, and Tim Trump, counsel to Stephen Rice. (Document No. 52, pp.11-14; Document No. 53, pp.5-9). The Rices contend that such communications are covered by attorney-client and marital

7

privileges.  (Document No. 52, p.11).  Gulfstream now contends that it "is without a doubt entitled to all communications between Sam Bratton and Tim Trump," although in the motion to compel Gulfstream states that it cannot assess the Rices' privilege claims because they have not produced a privilege log.  Compare (Document No. 53, p.7 and Document No. 47, pp.4-5).

Under the circumstances, the undersigned will decline to compel the Rices to produce "all communications between Sam Bratton and Tim Trump."  Instead, the Court directs Plaintiff to produce a privilege log of the requested, but allegedly privileged communications, and for the parties to then confer in a good faith attempt to resolve this part of their discovery dispute.

At this time, the Court will decline to award any costs or fees related to the motion to compel.  The Court will take such requests under advisement, and may reconsider an award of costs or fees at a later date.

**IT IS, THEREFORE, ORDERED** that Defendant and Third Party Plaintiff Gulfstream Capital Corporation's "Motion To Compel" (Document No. 47) is **GRANTED in part** and **DENIED in part**, as directed herein.

**IT IS FURTHER ORDERED** that the parties shall file a Notice by **September 2, 2016**, informing the Court of the date scheduled for their mediation.  See (Document Nos. 34 and 35).

**SO ORDERED**.

Signed: August 29, 2016

David C. Keesler
United States Magistrate Judge