IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:15-CV-269-MR-DCK

| | |
|---|---|
| PATRICIA RICE, ) | |
| ) | |
| Plaintiff / Counterclaim Defendant, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| RUTLEDGE ROAD ASSOCIATES, LLC, and ) | |
| GULFSTREAM CAPITAL CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| GULFSTREAM CAPITAL CORPORATION, ) | |
| ) | |
| Third Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| STEPHEN D. RICE, ) | |
| ) | |
| Third Party Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** regarding Defendant Rutledge Road Associates' "Motion To Compel" (Document No. 55) and "Defendants' Joint Motion To Extend Dispositive Motion Deadline" (Document No. 65). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and are ripe for review. Having carefully considered the motions and the record, the undersigned will deny Defendants' motions without prejudice.

## BACKGROUND

Plaintiff Patricia Rice ("Plaintiff" or "Rice") initiated this action with the filing of a "Petition" (Document No. 2-1) (the "Petition") in the state District Court of Tulsa County, Oklahoma, on July 2, 2015, against Rutledge Road Associates, LLC ("RRA") and Gulfstream

Capital Corporation ("Gulfstream") (together "Defendants"). The Petition involves "an alleged multiparty contract or agreement entered into on or before July 11, 2013, arising from a dispute in the bankruptcy proceeding of Stephen D. Rice, Third Party Defendant and Plaintiff's husband." (Document No. 41, p.1).

The Petition states that the "contract at issue related to certain rights held by Plaintiff, and the waiver of some rights held by Plaintiff in bankruptcy proceedings in the United States Bankruptcy Court for the Northern District of Oklahoma." (Document No. 2-1, p.1). The Petition further provides that prior to July 2013, Plaintiff owned a two percent (2%) interest in a limited liability company called MMR Properties, LLC ("MMR"), and that MMR owned a fifty percent (50%) interest in Defendant RRA. (Document No. 2-1, p.2). In or about July 2013, Defendants RRA and Gulfstream "desired to engage in certain business transactions which required Plaintiff to either approve of the same in her capacity as a member of MMR, or to sell her interest in MMR so that another could approve of those business transactions." Id. Plaintiff contends that an agreement with Defendants was reached and reduced to writing on July 11, 2013. (Document No. 2-1, p.3).

Plaintiff's obligation under the contract was to: (1) transfer her interest in MMR to Defendant RRA; and (2) withdraw an objection to certain proceedings in bankruptcy court which blocked the transactions contemplated by Defendants RRA and Gulfstream. Id. Plaintiff contends she performed these obligations on July 11, 2013. (Document No. 2-1, p.4). Plaintiff further alleges that she was induced to perform first, and that Defendants then refused to convey the agreed upon consideration to her. (Document No. 2-1, p.5). Specifically, Plaintiff alleges that Gulfstream had agreed to pay Plaintiff $50,000 and convey to Plaintiff Lot 140 of a development in Buncombe County, North Carolina called Poplar Ridge; and RRA had agreed to pay Plaintiff $200,000. Id.

2

The Oklahoma state court action was removed to the United States District Court for the Northern District of Oklahoma on July 27, 2015, pursuant to Defendant RRA's "Notice Of Removal" (Document No. 2). Defendant RRA also filed its "Answer" (Document No. 6) on July 27, 2015. Defendant RRA then filed a "Motion To Transfer…" (Document No. 8) on August 18, 2015, seeking transfer to this Court. Defendant Gulfstream later filed a "…Joinder In Motion To Transfer Venue" (Document No. 15).

The "Answer And Affirmative Defenses Of Defendant Gulfstream Capital Corporation" (Document No. 16) and the "Counterclaim Of Defendant Gulfstream Capital Corporation" (Document No. 17) were filed on October 23, 2015. Gulfstream's Counterclaim includes an "identical third-party claim against Stephen D. Rice ("Mr. Rice")," and Gulfstream also filed a separate "Third-Party Claim…" against Mr. Rice on October 23, 2015. (Document No. 17, p.1); (Document No. 18). The Counterclaim "denies that the parties entered into a binding and enforceable agreement as alleged by Plaintiff," but asserts that if the "parties did enter into a binding and enforceable agreement, then Plaintiff and Mr. Rice breached the agreement by failing to obtain a proper plat of the subdivision in Buncombe County, North Carolina." (Document No. 17, p.2); see also (Document No. 18, p.2).

On December 1, 2015, this matter was transferred from Oklahoma to this Court, and assigned to District Judge Martin Reidinger and Magistrate Judge Dennis Howell. See (Document No. 26). On December 22, 2015, Judge Howell issued a "Pretrial Order And Case Management Plan" (Document No. 34) including the following deadlines: discovery completion – September 1, 2016; mediation – September 15, 2016; motions – October 1, 2016; trial – March 13, 2017. The "…Case Management Order" states in pertinent part:

> A motion to compel must include a statement by the movant that the parties have conferred in good faith in an attempt to resolve the

3

> dispute and are unable to do so. . . . **After reviewing the merits of a motion and the response thereto, the Court may order the parties to confer again in a good faith attempt to resolve the dispute or to narrow the issues**. Consistent with the spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure, the Court expects all parties to attempt in good faith to resolve discovery disputes without the necessity of Court intervention. Failure to do so may result in appropriate sanctions.

(Document No. 34, p.6).

Mediation reports were filed on August 30 and September 1, 2016, stating that the parties' attempts to settle this matter had reached an impasse. (Document Nos. 57 and 58).

Now pending before the Court is Defendant RRA's "Motion To Compel" (Document No. 55) filed August 22, 2016. Defendant RRA's motion seeks an order compelling Plaintiff Patricia Rice to fully respond to multiple interrogatories and requests for production of documents. (Document No. 55; Document No. 55-6).

The "Response To Motion To Compel By Patricia Rice" (Document No. 63) was filed on September 8, 2016. The "Response…" reports that two of the exact issues in the instant motion have already been addressed by the Court in an "Order" (Document No. 56) issued on August 28, 2016, granting in part and denying in part Defendant and Third Party Plaintiff Gulfstream Capital Corporation's "Motion To Compel" (Document No. 47). Plaintiff asserts that she will comply with the Court's "Order" (Document No. 56) with respect to those issues related to her ownership interest in MMR and produce a privilege log of requested communications she contends are privileged. (Document No. 63, p.3).

To date, Defendant RRA has failed to file a reply brief in support of its motion, and the time to do so has lapsed. See Local Rule 7.1 (E).

On September 19, 2016, "Defendants' Joint Motion To Extend Dispositive Motion Deadline" (Document No. 65) was filed with the Court. Defendants' motion for an extension of

time does not indicate that Defendants consulted with Plaintiff as required by Local Rule 7.1 (B); moreover, the undersigned recently directed the *parties* to "confer as soon as possible and attempt to agree on what, if any, extensions are appropriate, and then to file a joint request." (Document No. 64, p.3).

Immediate review of the pending motions is appropriate.

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same). A party's failure to provide or permit discovery may result in sanctions including the following: reasonable expenses caused by the failure; default judgment

against the disobedient party; or treating as contempt of court the failure to obey any order. See Fed.R.Civ.P. 37(b) - (d).

## DISCUSSION

By its pending motion to compel, Defendant RRA contends that Plaintiff has failed to fully respond to its discovery requests. At least some of the discovery requests RRA now seeks to compel responses to have already been addressed by this Court in a prior motion to compel and subsequent "Order." See (Document Nos. 47 and 56). Defendant suggests other responses are deficient because they do not fully satisfy its demand for Plaintiff to properly "identify" documents. (Document No. 55, p.3); see also (Document No. 55-2, p.2). Another issue that Defendant RRA's motion focuses on is Plaintiff's alleged failure to fully respond to Interrogatory No. 10, by failing to fully explain/support each request for admission that was not fully admitted. (Document No. 55, pp.5-8; Document No. 55-6, pp.8-12).

As an initial matter, despite Defendant RRA's representation that the parties "conferred in good faith and in attempt to resolve the dispute," the undersigned is not convinced that the parties' efforts were sufficient, or consistent with Judge Reidinger's expectations. (Document No. 55, p.2); see also (Document No. 34, p.6). The record of this case suggests that both sides are too quick to file motions to compel without working to resolve their disputes, or at least narrow the issues.

In addition, the undersigned notes that RRA's failure to file a timely reply brief has deprived the Court of further clarification of which disputes still need resolution and/or the alleged shortcomings of Plaintiff's "Response To Motion…."

After reviewing the briefs and attachments that have been filed, the undersigned respectfully disagrees with RRA's assertion that "Plaintiff's Response was evasive and unresponsive." (Document No. 55-6, p.2). While some of Plaintiff's responses may be incomplete, it also appears that some requests are overly broad and/or not proportional to the needs

of the case. At minimum, some issues have already been resolved by the Court, and other issues such as properly identifying documents' details should be easily addressed by the parties themselves.

In this instance, the undersigned finds the guidance in Judge Reidinger's "…Case Management Order" to be particularly helpful and applicable – "[a]fter reviewing the merits of a motion and the response thereto, the Court may order the parties to confer again in a good faith attempt to resolve the dispute or to narrow the issues." (Document No. 34, p.6). As such, the Court directs the parties to confer again in good faith and attempt to resolve or narrow the issues in dispute without further Court intervention. The undersigned expects this will require effort and compromise from all the parties.

Regarding "Defendants' Joint Motion To Extend Dispositive Motion Deadline" (Document No. 65), the motion will be denied, and the parties shall confer regarding remaining deadlines, and then the parties may submit a joint request for modification of case deadlines.

**IT IS, THEREFORE, ORDERED** that Defendant Rutledge Road Associates' "Motion To Compel" (Document No. 55) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that "Defendants' Joint Motion To Extend Dispositive Motion Deadline" (Document No. 65) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff shall file her "Amended Complaint" as allowed by the Court's previous "Order" (Document No. 64), on or before **September 23, 2016**.

**SO ORDERED**.

Signed: September 20, 2016

David C. Keesler
United States Magistrate Judge