**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:15-cv-00269-MR**


| | |
|---|---|
| **PATRICIA RICE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **O R D E R** |
| ) | |
| ) | |
| **RUTLEDGE ROAD ASSOCIATES,** ) | |
| **LLC, GULFSTREAM CAPITAL** ) | |
| **CORPORATION, JOEL BERKOWITZ,** ) | |
| **GREGORY JACKSON, SR., and** ) | |
| **ROBERT S. WALTERS,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| **GULFSTREAM CAPITAL** ) | |
| **CORPORATION,** ) | |
| **Third-Party** ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **STEPHEN D. RICE,** ) | |
| ) | |
| **Third-Party** ) | |
| **Defendant.** ) | |
| _____ ) | |


    **THIS MATTER** is before the Court on the Defendants' Joint Statement

on Subject Matter Jurisdiction and Remand [Doc. 102]; the Plaintiff's and

Third Party Defendant's Statement on Jurisdiction and Propriety of Removal to This Court [Doc. 103]; the Plaintiff's and Third Party Defendant's Motion for Award of Costs and Fees upon Remand [Doc. 104]; the Plaintiff's and Third Party Defendant's Motion for Emergency Protective Order [Doc. 105]; and the Supplemental Statement on Defendants' Joint Statement on Subject Matter Jurisdiction and Remand [Doc. 106].

## I.    PROCEDURAL BACKGROUND

This action involves a multi-party contract entered into between the Plaintiff Patricia Rice and the Defendants Rutledge Road Associates, LLC ("RRA") and Gulfstream Capital Corporation ("Gulfstream") arising from a dispute that originated during the bankruptcy proceeding of the Plaintiff's husband, Third Party Defendant Stephen Rice, which was filed in the United States Bankruptcy Court for the Northern District of Oklahoma. On July 2, 2015, Patricia Rice filed a civil action against RRA and Gulfstream in Oklahoma state court, alleging claims for breach of contract and fraud. [Doc. 2-1]. On July 27, 2015, RRA removed the case to the United States District Court for the Northern District of Oklahoma on the basis that the parties were of diverse citizenship and that the amount in controversy exceeded $75,000. [Doc. 2]. Specifically with respect to citizenship, RRA alleged that Patricia Rice resided in South Carolina; that RRA is a limited liability company with

its principal place of business in North Carolina; and that Gulfstream is a business entity with its principal place of business in Colorado. [Id.]. Following removal, Gulfstream filed a counterclaim against Patricia Rice and a third-party claim against Stephen Rice, alleging that in the event that it is determined that the parties entered into a binding agreement, then Patricia Rice and Stephen Rice breached that agreement. [Doc. 18].

Following removal, RRA filed a motion to transfer the action to this District pursuant to 28 U.S.C. § 1404(a). [Doc. 8]. The Plaintiff opposed the transfer. [Doc. 9]. On November 30, 2015, the Oklahoma District Court granted RRA's motion and transferred the action to this District. [Doc. 25]. Once issues finally joined, this Court entered a case management plan setting a discovery deadline of September 1, 2016; a motions deadline of October 1, 2016; and a trial date of March 13, 2017. [Doc. 34].

After months of litigation and the filing of numerous motions by the parties, this Court held a status conference on November 21, 2016. At that status conference, this Court *sua sponte* raised the issue of subject matter jurisdiction and requested that the parties brief the issue of whether complete diversity existed at the time of the removal of this action. The parties have now filed their respective briefs. [Docs. 102, 103]. In addition, the Plaintiff and the Third Party Defendant move for an award of attorneys' fees in the

event that this case is remanded. [Doc. 104]. They further move for a protective order from any further discovery until a determination is made as to the Court's subject matter jurisdiction. [Doc. 105].

## II. DISCUSSION

Diversity jurisdiction must exist at the time of removal. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1166 (4th Cir. 1988). Here, at the time of removal, Patricia Rice was domiciled in South Carolina. [Complaint, Doc. 2-1 at ¶ 1; P. Rice Dep., Doc. 77-2 at 18]. In 2015, RRA had a total of eight members. RRA concedes that as of the time of removal, one of these members, Kenneth G. Jackson, Jr., resided in South Carolina. [Defendants' Joint Statement, Doc. 102 at 2; RRA LLC Annual Report for 2015, Doc. 102-2 at 3; Affidavit of Kenneth Gregory Jackson, Jr. ("Jackson Aff."), Doc. 106-1 at ¶ 7]. [1] Due to RRA's status as a limited liability company,

---

[1] The Plaintiff and Third Party Defendant complain that the Defendants' proffered evidence of Kenneth Jackson Jr.'s residency at the time of removal is ambiguous, and that the Court should implement "an evidentiary process whereby the issue of the place of residency of the respective parties . . . can be determined conclusively." [Plaintiff's and Third Party Defendant's Statement, Doc. 103 at 2]. The removing party, however, has burden of demonstrating that removal jurisdiction exists. Strawn v. AT&T Mobility LLC, 530 F.3d 293, 297 (4th Cir. 2008). The Defendants here effectively concede that they cannot meet this burden. Further, with their Supplemental Statement, the Defendants submit the Affidavit of Kenneth G. Jackson, Jr., in which Mr. Jackson affirmatively states that he has resided continuously in South Carolina since 2011. [See Jackson Aff., Doc. 106-1]. In light of the Defendants' submissions, requiring the parties to undergo any further "evidentiary process" on the issue would be a pointless exercise.

member Kenneth Gregory Jackson, Jr.'s South Carolina residence is imputed to RRA and destroys complete diversity. See General Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 121 (4th Cir. 2004). As diversity jurisdiction was the sole basis for removal of this action and diversity jurisdiction clearly did not exist at the time of removal, this Court is without subject matter jurisdiction in this case and the case must be remanded to the state court in Oklahoma from which the case was originally removed. See 28 U.S.C. § 1447(c) ("[I]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); see also Bloom v. Barry, 755 F.2d 356, 358 (3d Cir. 1985) ("The only remand contemplated by the removal statute is a remand 'to the State court from which it was removed.'") (quoting 28 U.S.C. § 1447(d)).

The Plaintiff and Third Party Defendant move this Court to award them "the value of all attorney fees and costs incurred as the direct result of the wrongful removal to this Court without any objectively reasonable basis." [Doc. 104 at 6]. The Plaintiff and Third Party Defendant do not provide any evidence of the fees and costs incurred as a result of the improper removal of this matter. Rather, the Plaintiff and Third Party Defendant "request an evidentiary hearing to support the amounts at issue for both fees and costs,

5

the reasonableness of those amounts, and the equities of ordering a complete reimbursement of" their fees and costs. [Id. at 2].

Upon the remand of a case, the Court may require the "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Attorneys' fees may be awarded to the plaintiff upon remand "only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). There is not a presumption either in favor of or against the awarding of attorneys' fees under § 1447(c). Crawford v. C. Richard Dobson Builders, Inc., 597 F. Supp. 2d 605, 612 (D.S.C. 2009). The decision whether to award fees pursuant to § 1447(c) is a matter within the Court's sound discretion. Martin, 546 U.S. at 141

Here, in the exercise of its sound discretion, the Court declines to award any fees in this case. While the lack of diversity jurisdiction should have been readily apparent to the Defendants at the time of removal, it should have been readily apparent to the Plaintiff as well. At no time between July 2015 and November 2016 did the Plaintiff ever seek a remand of this case. Rather, the Plaintiff (and the Third Party Defendant) continued to litigate this matter vigorously, filing motions for partial summary judgment, motions to strike, and motions to dismiss. It was not until the Court raised

the issue of subject matter jurisdiction at the status conference – some fifteen months after the case was removed -- that any of the parties even addressed the issue of diversity. The Plaintiff's failure to seek a timely remand of this matter weighs against the award of fees in this case. See Martin, 546 U.S. at 141 ("a plaintiff's delay in seeking remand . . . may affect the decision to award attorney's fees"). Accordingly, the Plaintiff's and Third Party Defendant's motion for the award of attorneys' fees pursuant to § 1447(c) is denied.

Finally, in light of the Court's lack of subject matter jurisdiction and the remand of this matter, the Plaintiff's and Third Party Defendant's Motion for Emergency Protective Order [Doc. 105] is **DENIED AS MOOT**.

**IT IS, THEREFORE, ORDERED** that this matter is hereby **REMANDED** to the District Court of Tulsa County, Oklahoma, for further proceedings.

**IT IS FURTHER ORDERED** that the Plaintiff's and Third Party Defendant's Motion for Award of Costs and Fees upon Remand [Doc. 104] is **DENIED**, and the Plaintiff's and Third Party Defendant's Motion for Emergency Protective Order [Doc. 105] is **DENIED AS MOOT**.

**IT IS SO ORDERED.**　　Signed: December 15, 2016

Martin Reidinger
United States District Judge